## STATE OF VERMONT

## ENVIRONMENTAL COURT

Secretary,                                             }
 Vermont Agency of Natural Resources,      }
                                                       }
                    v.                                 }          Docket No. 178-11-97 Vtec
                                                       }
McLain Logging, Reginald McLain and        }(Supreme Court Docket No. 1999-36)
 and Chester McLain,                               }
 Respondents.                                        }


### Entry Order re: Settlement and Approval of Reconstructed Transcript

The second of two audio cassette tapes from the April 10, 1998 hearing in this matter was determined to be missing when the parties to the Supreme Court appeal ordered the transcript. The Court's records show that both tapes were present in June of 1998 when a reporter from the Barton Chronicle ordered copies of the audio tapes (not transcripts); it appears that the second tape went missing at some time after that date. It is not possible to determine whether the missing tape was lost at the transcription service or when returned to the Court's offices. Inquiry of the reporter who ordered the cassette copies, as well as of the transcription service, has not turned up either the missing tape or a copy made from it. Thorough searches at the Environmental Court/District Court offices and at the Essex Superior Court (where the hearing was held) were unsuccessful.

On November 22, 1999, Judge Wright provided the parties with a reconstructed transcript from her handwritten notes taken during the merits hearing. The parties were unable to reach agreement on this reconstructed transcript, but the Appellants had not proposed amendments to it as contemplated by V.R.A.P. 10(c). Judge Wright set a schedule for any proposed amendments, requesting that they be filed in the form of proposed additional questions or answers, not characterizations of testimony as had been exchanged between the parties. Appellants filed their proposed amendments on May 5, 2000; Appellee State of Vermont filed its opposition on May 11, 2000.

The trial court's rulings on each of the seven proposed amendments is as follows;

1

the changes which were granted have been made on the reconstructed transcript in bold type and a new edition of that transcript has been prepared.  Please note that the granted amendments change the line numbering of the transcript slightly from the former edition.

Requested amendment 1: Add at p.3, line 18 of Mr. Sabourin's cross-examination:

"Mr. Sabourin was unable, without the use of the AMP book, to provide information about the spacing of the water bars."

Ruling:

Granted in part, as follows:

```
Q.    Familiar with Table 1?
```

**A.    Not without referring to the AMP book [Exh.1] <witness used the AMP book to answer questions regarding the spacing of water bars.>**

Requested amendment 2: Add at p. 5, line 13 of Mr. Sabourin's cross-examination:

"Mr. Sabourin indicated that no one, to his knowledge, followed up on the fall 96[sic] visit." [The visit which is the subject of that testimony was in the fall of 1995.]

Ruling:

Denied in part and granted in part, as Mr. Sabourin in those lines was testifying about the follow up he would have done, but didn't in fact do, because he wasn't there in the fall of 1995.

```
A.    Yes, it was.
```

**Q.    What would you have done if you had been on the tech advisory team in the fall of 1995?**

```
A.    [I] would have followed up on soil erosion plan. [There]
might have been things to have been done in November 95 to
reduce what happened in April 96.
```

Requested amendment 3: Add at p. 5, line 19 of Mr. Sabourin's cross-examination:

"Attorney Kessler was not on the tech team.  He attended for prosecution purposes and for the purpose of gathering evidence."

Ruling:

Granted in part, as follows:

```
Atty Kessler went on [the] April 96 site visit. He was not on
the technical advisory team.
```

Requested amendment 4: Delete p.10, line 8 of Mr. Girardi's testimony.

Ruling:

Denied. This testimony is from the video tape, which is in evidence, and is more complete than the reconstructed transcript. Any questions about that evidence can be resolved by reference to the videotape, which is also available to be transcribed, should any party wish to do so.

Requested amendment 5: Re: Mr. Smith's testimony at p. 14, line 17:

In answer to the question "would you fish there?" Mr. Smith said it would be the last place he would fish.

Ruling:

Granted, although Judge Wright has no present recollection of the testimony, it is possible that Mr. Smith made the statement.

Requested amendment 6: Add at p. 19, line 1 of Mr. Shields' cross-examination:

"Mr. Shields indicated that although he was on the tech team, he was there, on site, to gather evidence, not to provide technical assistance to the owners of the land."

Ruling:

Denied. Mr. Shields testimony and Exhibit 30 reflect that he did in fact provide recommendations to the landowners.

Requested amendment 7: Amend p.19, lines 16-17 "to read that a photo was taken."

Ruling:

Denied. The reference to the photograph in the reconstructed transcript (now at lines 22-24) shows that the witness was shown a photograph which he denied was taken during the time of spring runoff.

A copy of the amended reconstructed transcript has been provided to each party this date and has been forwarded to the Supreme Court as provided in V.R.A.P. 10(c).

Done at Barre, Vermont, this 15th day of May, 2000.


_____
Merideth Wright
Environmental Judge